REGAN, Judge.
The plaintiff, Leon S. Poirier, filed this suit against the defendant, James Alexander, endeavoring to recover the sum of *80 $3,400.00[1] which he asserts is the unpaid balance due on a promissory note signed by the defendant in the amount of $5,-000.00, together with interest and attorney’s fees.
The defendant answered and denied that he was indebted unto the plaintiff. In the alternative, he pleaded that if a note was signed by him, it was obtained through fraud and deceit; that the defendant never received any consideration for signing the note; that he was entitled to a set off of $2,500.00 for wages due him for labor performed for the plaintiff and to a credit of $250.00 which was paid by him in the form of checks to the plaintiff.
The defendant then reconvened seeking to recover $2,500.00 for unpaid wages together with penalties and attorney’s fees in conformity with the rationale of R.S. 23:631, 632.
The lower court rendered judgment in favor of the plaintiff in the amount of $3,400.00 together with interest and attorney’s fees as provided for in the note; the defendant’s reconventional demand was dismissed. From that judgment, the defendant has prosecuted this appeal.
The record discloses that the note involved herein, dated May 21, 1962, was executed in the amount of $5,000.00 and signed by the defendant by his own admission. He was employed by the plaintiff as a part time contract laborer, waxing floors and otherwise rendering janitorial services in two of the plaintiff’s buildings. The defendant’s compensation, according to the plaintiff, was $150.00 per month.
In May of 1962, the defendant encountered financial difficulties and sought aid from the plaintiff in resolving them.
The plaintiff testified that on May 21, 1962, he visited the National Bank of Commerce with the defendant where he negotiated a loan in his own name in the amount of $5,000.00. As additional security therefor, he pledged the defendant’s promissory note in a like amount to the bank.
Immediately upon receiving the loan of $5,000.00, the plaintiff purchased cashiers checks, which he sent directly to various finance companies to whom the defendant was indebted. The plaintiff testified that in order to satisfy the defendant’s indebtedness to the finance companies he expended $3,700.26, and the remainder of the $5,000.00 loan was then given to the defendant in cash.
The plaintiff related that he and the defendant agreed that the loan would be repaid by applying the $150.00 per month salary received by the defendant toward the balance due on the note to the bank; the defendant also agreed to pay an additional $25.00 which he would obtain from his regular employment, as distinguished from his part time employment with the plaintiff.
The plaintiff produced his checks made payable to the defendant in the amount of $1,350.00, upon which he admittedly signed the defendant’s name and gave them to the bank as partial payment on the loan. These checks, all but one[2] of which was in the amount of $150.00, represented the monthly payment which the plaintiff owed to the defendant for janitorial services. In addition, the defendant paid $250.00 in cash, thus making a total payment upon the note of $1,600.00, leaving an unpaid balance of $3,400.00.
The defendant ceased to work for the . plaintiff, and as a consequence thereof, he did not liquidate the note. The plaintiff was then forced to pay the amount due to the bank, hence this suit.
The defendant insists that the lower court erred in ignoring the defense of lack of consideration for the execution *81 of the note. The only evidence of lack of consideration was that offered by the defendant, who testified that he signed a blank promissory note and that after the loan was consummated, he received no cash from the plaintiff. Since the plaintiff produced cancelled notes from the finance companies to whom the defendant was indebted, he was obviously precluded from asserting that the plaintiff gave him no consideration in return for the note. Therefore, we are simply relegated to an evaluation of the validity of the defendant’s contention that he did not receive the cash difference between the amount necessary to cancel his obligations to the finance companies and the amount of the note. This contention is in conflict with that of the plaintiff, who, to reiterate, testified ad infinitum that the cash difference was paid on the spot to the defendant. Confronted with this obvious conflict in testimony, the lower court resolved this question of fact as to the disposition of the balance after payment to the finance companies in favor of the plaintiff, and we find no error on the part of the trial judge in connection with this aspect of the case.
The defendant emphasizes the fact that the plaintiff endorsed the defendant’s name on checks payable to him for services rendered to the plaintiff and negotiated these checks to the bank. This procedure was followed by the plaintiff so as to pay the balance due on the note which the plaintiff executed in favor of the bank when he obtained the funds to loan to the defendant. Irrespective of any criminal aspects which may or may not exist in connection with the foregoing procedure, we perceive of no adverse civil consequences to the plaintiff as a result of his signing the defendant’s name on the checks in view of the individual facts developed herein since the plaintiff’s obligation to the defendant was obviously extinguished by compensation pursuant to Civil Code Articles 2207 [3] et seq.
In view of our rationalization that the obligations of the plaintiff and the defendant mutually extinguished each other as a matter of law as to their respective amounts, it is apparent that the defendant’s reconventional demand possesses no merit. Since each payment due to him for his janitorial services was extinguished automatically by virtue of his obligation to the plaintiff, there could have been no money due him for wages, and the plaintiff could not be liable to him for penalties and attorney’s fees as delineated in the statute referred to hereinabove.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.

. The plaintiff originally sued for $3,-700.00, but stipulated at the trial that the correct balance due him was $3,400.00.

. This check was for $300.00 which represented two month’s salary.

. La.C.C.Art. 2207. “When two persons are indebted to each other, there takes place between them a compensation that extinguishes both the debts, in the manner and cases hereafter expressed.”