BLANCHE, Judge.
This is an appeal by defendants, Herbert Ronald Galloway and Herbert W. Galloway, from a judgment rendered in favor of plaintiff, Commercial Bank and Trust Company, in a suit on a promissory note. Defendants contend here, as they did in the trial court, that there was a lack of consideration. Defendants further complain that the judgment erroneously recognized and maintained plaintiff’s alleged lien and chattel mortgage on a certain livestock trailer. We affirm.
Defendants’ defense of lack or absence of consideration emanates from their contention that plaintiff bank was not authorized to disburse the loan proceeds directly to the vendor-fabricator of the livestock trailer which was being purchased by defendant, Herbert Ronald Galloway, and that on the contrary plaintiff bank was specifically instructed by defendants not to make such dispersal. The trial judge resolved this issue adversely to defendants for the following reasons :
“ * * * The evidence shows that defendant, Herbert R. [Ronald] Galloway, was purchasing a horse trailer from Update Industries, Inc.[1] The trailer was manufactured by them. On October 26, 1970 he went to Commercial Bank to obtain financing for the purchase. Some days later the loan was approved. On October 31, 1970 Commercial Bank received a bill of sale from Update Industries to Mr. Galloway of the trailer, and further received the manufacturer’s certificate of origin. On November 3, 1970 Mr. Galloway and his father signed a note and chattel mort *479 gage, and a hand note pledged thereto with Commercial Bank. The bank then transmitted the amount borrowed by certified check directly to the vendor of the trailer, Update Industries, Inc. Due to disagreement between Mr. Galloway and Update Industries, Inc. the trailer was never delivered to Mr. Galloway. He defends this suit on the grounds of failure [2] of consideration.
“The Court does not consider the question of the adequacy of the trailer to be germane to this suit. The sole question is whether the bank was authorized to transfer the funds borrowed by the Galloways to Update Industries, Inc. The adequacy or inadequacy of the trailer is a matter between the Galloways and Update.
“The Court is of the opinion that the bank acted according to instructions. Mr. Richard Blossman, president of the bank, testified that he handled the transaction, and handled it as any other chattel transaction. That is, upon obtaining the signature of the borrowers in addition to the bill of sale and the manufacturer’s certificate of origin they transmitted the money borrowed directly to the vendor. The Court seriously doubts that the Galloways would have executed a note and chattel mortgage in advance of having to transmit the money. It is also doubtful that the manufacturer would proceed to build a trailer without some financial assurance, and the testimony supports the conclusion.” (Written Reasons for Judgment, Record, pp. 16, 17)
Our review of the record and of the arguments made on behalf of appellants in support of their defense of absence of consideration fails to disclose where the trial judge committed any manifest error in concluding that neither appellant had instructed anyone associated with plaintiff bank not to disburse the funds to the vendor-fabricator of the livestock trailer being acquired by Herbert Ronald Galloway. Indeed, the payment of the purchase price for this acquisition was the very reason for the consummation of this loan. The fact that all the proceeds of a loan for which a promissory note is executed do not flow to the obligor does not per se negate the giving of consideration to support the promissory note executed, Poirier v. Alexander, 234 So.2d 79, 80 (La.App. 4th Cir. 1970). Moreover, the fact that defendant, Herbert W. Galloway, some six weeks after the execution of the promissory note sued on and on the due date of the first payment, contacted the plaintiff bank for the avowed purpose of making sure that the bank “held the funds” corroborates the trial judge’s conclusion that defendants had knowledge that the funds had already been disbursed and that this action was simply an afterthought. Defendants have failed to prove their affirmative defense of absence of consideration.
Defendants’ other specification of error, concerning the recognition and maintenance by the trial judge of plaintiff’s lien and chattel mortgage on the livestock trailer, is likewise without merit. In this regard, appellants first complain that the trial judge should not have considered this issue for the reason that plaintiff prayed only that its chattel mortgage be “reserved” instead of praying that its chattel mortgage be “recognized.”
We do not believe that plaintiff’s petition, taken as a whole and properly so construed, requires such a rigid and strict interpretation, LSA-C.C.P. arts. 865 and 5051. Moreover, both the collateral chattel mortgage note and the chattel mortgage were introduced in evidence without objection by the defendants.
As to the merits itself of this specification of error, counsel for appellants states in brief that nowhere in plaintiff’s petition does plaintiff allege that it is the holder and owner of a collateral mortgage or col *480 lateral chattel mortgage note. The express refutation of this contention, however, is found in paragraph VII of plaintiff’s petition.[3]
Appellants’ principal objection to the recognition of the lien and chattel mortgage is the absence of a completed “Ne Varietur” on the face of the collateral chattel mortgage note paraphing it for identification with the act of collateral chattel mortgage. While this defect does exist in that the “Ne Varietur” was not completed but was instead signed in blank, nevertheless, the collateral chattel mortgage note and the chattel mortgage itself were properly identified as instruments executed by defendant, Herbert Ronald Galloway. Moreover, the promissory note sued.on contains on the reverse side thereof a further notation as follows :
“SECURED 3Y MY/OUR €©fe-feA-T-E-RAfe CHATTEL MORTGAGE NOTE, DATED 11-3-70
IN THE AMOUNT OF $3170.40 DUE DEMAND Trailer
[signed] Herbert Ronald Galloway” [4]
The instruments in question, therefore, were all properly identified. Each defendant admitted the genuineness of his signature to the particular instrument in question, following which all three instruments were introduced by plaintiff in evidence. (Record, pp. 35-37) Since this is a proceeding via ordinaria, rather than a proceeding via executiva, we discern no reason for invalidating the recognition and maintenance by the trial judge of plaintiff’s lien and chattel mortgage.
For the foregoing reasons, the judgment appealed from is affirmed, with all costs of this appeal assessed to defendants-appellants.
Affirmed.

. The evidence and exhibits reflect the name of the concern to be only “Update Industries,” with Wayman W. Smith, Jr., designated as the “owner” thereof. (Record, p. 72; Plaintiff Exhibit No. 6) The evidence, accordingly, negates the existence of corporate status, which eon-elusion is corroborated by the absence of the use of the word “corporation” or of a comparable abbreviation, as required for Louisiana business corporations, LSA-R.S. 12:23, as well as for foreign business corporations authorized to do business in Louisiana, LSA-R.S. 12:303.

. Actually, defendants’ answer asserts in paragraph IX the absence or lack of consideration, as distinguished from failure of consideration.

. Paragraph VII of plaintiff’s petition reads as follows:
“The above described promissory note is secured by one certain collateral chattel mortgage note dated November 3, 1970, payable on demand to the order of ‘Myself’, in the original amount of THREE THOUSAND ONE HUNDRED SEVENTY AND 40/100 ($3,-170.40) DOLLARS, payable at the Commercial Bank & Trust Company, and which mortgage note is paraphed for identification with a chattel mortgage dated even date therewith, a certified true copy and/or a duplicate original of which is attached hereto and made part hereof. Said mortgage note and chattel' mortgage are made by Herbert Ronald Galloway and by him endorsed in blank.” (Record, p. 3)

. Plaintiff Exhibit 2 — The underscored portions of the quote appearing in the text are handwritten in ink while the word “COLLATERAL” is struck through in ink.